UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LINDA B., <br><br>   Plaintiff, <br><br> v. <br><br> COMMISSIONER, SOCIAL SECURITY ADMINISTRATION, <br><br>   Defendant. | CIVIL ACTION NO. <br> 1:20-CV-02820-JPB |

# ORDER

This matter is before the Court on the Magistrate Judge's Final Report and Recommendation [Doc. 26].  This Court finds as follows:

## FACTS AND PROCEDURAL HISTORY

Linda B. ("Plaintiff") filed an application for disability insurance benefits on October 16, 2017, alleging that she had been disabled and unable to work since January 1, 2015.  After Plaintiff's application was denied, Plaintiff presented her case to an Administrative Law Judge ("ALJ").  On August 16, 2019, the ALJ issued an unfavorable decision finding that Plaintiff was not disabled within the meaning of the Social Security Act.  More specifically, the ALJ found that Plaintiff had several severe impairments, including Multiple Sclerosis ("MS"), obesity and degenerative joint disease of the lumbar spine.  The ALJ recognized that these

severe impairments could reasonably be expected to cause fatigue and result in difficulty concentrating and focusing.  The ALJ determined, however, that Plaintiff's statements concerning the intensity, persistence and limiting effects of the symptoms were not entirely consistent with the medical evidence and other evidence in the record.  After considering all of Plaintiff's symptoms and evidence, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform light work except that Plaintiff could "never climb ropes, ladders or scaffolds; occasionally climb ramp/stairs, balance, stoop, crouch, crawl, and kneel and can have no more than occasional exposure to workplace hazards." [Doc. 16-2, p. 24].

On July 9, 2020, Plaintiff filed a Complaint with this Court seeking review of the ALJ's decision.  [Doc. 1].  On January 31, 2022, United States Magistrate Judge Christopher C. Bly issued his Final Report and Recommendation wherein he recommended affirming the decision of the Commissioner.  [Doc. 26].  Plaintiff objected to the recommendation on February 7, 2022.  [Doc. 28].

## LEGAL STANDARD

A district judge has broad discretion to accept, reject or modify a magistrate judge's proposed findings and recommendations.  United States v. Raddatz, 447 U.S. 667, 680 (1980).  Pursuant to 28 U.S.C. § 636(b)(1), a court reviews any

portion of the Report and Recommendation that is the subject of a proper objection on a *de novo* basis, and it reviews any non-objected-to portion under a "clearly erroneous" standard. Notably, a party objecting to a recommendation "must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988). It is reasonable to place this burden on the objecting party because "[t]his rule facilitates the opportunity for district judges to spend more time on matters actually contested and produces a result compatible with the purposes of the Magistrates Act." United States v. Schultz, 565 F.3d 1353, 1361 (11th Cir. 2009).

## DISCUSSION

A court's review of a decision to deny Social Security benefits is limited to whether there is substantial evidence to support the findings of the Commissioner, and whether the correct legal standards were applied. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997). "This limited review precludes deciding the facts anew, making

credibility determinations or re-weighing the evidence." Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005).

An individual seeking disability insurance benefits bears the "heavy" burden to show that she is disabled. Id. Social security regulations establish a five-step evaluation process to determine disability. Id. Under the five-step process, a claimant must show that:

> (1) she is not performing substantial gainful activity; (2) she has a severe impairment; (3) the impairment or combination of impairments meets or equals an impairment listed in the regulations; or (4) she cannot return to past work; and, (5) if the Secretary identifies other work, she cannot perform other work based on her age, education, and experience.

Packer v. Comm'r, Soc. Sec. Admin., 542 F. App'x 890, 891 (11th Cir. 2013).

Plaintiff's objection pertains to step four of the evaluation process. To perform step four, the ALJ must determine a claimant's RFC. Phillips v. Barnhart, 357 F.3d 1232, 1238 (11th Cir. 2004). "An RFC determination is an assessment, based on all relevant evidence, of a claimant's remaining ability to do work despite her impairments." Packer, 542 F. App'x at 891. Importantly,

> [t]here is no rigid requirement that the ALJ specifically refer to every piece of evidence, so long as the ALJ's decision is not a broad rejection, i.e., where the ALJ does not provide enough reasoning for a reviewing court to conclude that the ALJ considered the claimant's medical condition as a whole.

Id. at 891-92.  Here, Plaintiff contends that the Magistrate Judge wrongly concluded that the ALJ did not need to include any non-exertional impairments (difficulty with concentrating/focusing and fatigue) in the RFC determination.[1]

In this case, Plaintiff argued that she was disabled and could not work due to fatigue and difficulty concentrating and focusing.  As a general rule, when a claimant seeks to establish her disability through her testimony of pain or other symptoms, the ALJ must apply the "pain standard."  Wilson v. Barnhart, 284 F.3d 1219, 1225 (11th Cir. 2002).  The pain standard states that subjective testimony must be supported by two showings:  "(1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain."  Id.  If the record shows that a claimant has a medically determinable impairment that could reasonably be expected to produce the symptoms, such as pain, the ALJ must then evaluate the intensity and persistence of the symptoms so that she can determine how the symptoms limit the claimant's capacity for work.  20 C.F.R. § 404.1529(c)(1).  Finally, if the ALJ decides not to credit a claimant's subjective testimony about her

---

[1] Plaintiff argues in her objection that "[t]he Magistrate does not address at all the long line of cases that require that all limitations are to be part of the RFC." [Doc. 28, pp. 2-3].  Plaintiff, however, fails to identify any of these cases.

pain, "[she] must articulate explicit and adequate reasons for doing so." Foote v. Chater, 67 F.3d 1553, 1561-62 (11th Cir. 1995).

Plaintiff's contention that the ALJ ignored her alleged non-exertional limitations is belied by the record. As an initial matter, in the ALJ's opinion, she expressly noted that she considered "all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence." [Doc. 16-2, p. 24]. Significantly, there is no indication that either the ALJ or the Magistrate Judge misapplied the pain standard. In this case, the ALJ found that Plaintiff had impairments that reasonably could have been expected to produce Plaintiff's fatigue and result in difficulty concentrating. The ALJ, however, found that Plaintiff's statements about the intensity, persistence and limiting effects of those symptoms were not credible based on the objective medical evidence. Importantly, the ALJ articulated her explicit reasons for discrediting Plaintiff's testimony. More particularly, the ALJ noted that Plaintiff's treatment records showed that her exams were almost entirely normal during the relevant period. One such exam occurred in March 2016. In that exam, DeKalb Neurology indicated that Plaintiff's physical exam was normal with no spinal tenderness and no gross motor or sensory deficits. Moreover, Plaintiff had a normal gait and was able to stand without difficulty. In May 2016,

DeKalb Neurology indicated that Plaintiff's health had been good since her previous visit.  Again, Plaintiff's exam and gait were normal, and she was able to stand without difficulty.  The ALJ also noted that there was no evidence from a treating or examining physician that established that Plaintiff had a medically required need to lie down.  Ultimately, this Court finds that substantial evidence supports the ALJ's conclusion that Plaintiff's testimony as to the extent of her symptoms was not credible.  See Damone v. Comm'r, Soc. Sec. Admin., 654 F. App'x 473, 475 (11th Cir. 2016) (finding, in a case with similar facts, that substantial evidence supported the administrative law judge's conclusion that the claimant's statements concerning the intensity, persistence and limiting effects of her symptoms were disproportionate to the objective medical evidence).

Because the ALJ's decision to discredit Plaintiff's testimony was supported by substantial evidence, this Court finds that it was not error for the ALJ to fail to include fatigue and difficulty with concentrating and focusing in Plaintiff's RFC. "It is axiomatic that the ALJ would not include limitations in the RFC [she] had determined to be incredible." Jones v. Astrue, No. 1:08-cv459, 2009 WL 1768579, at *5 (M.D. Ala. June 23, 2009).  See also Hamby v. Soc. Sec. Admin., Comm'r, 480 F. App'x 548, 550 (11th Cir. 2012) (holding that the ALJ was not required to

include impairments in the hypothetical to the vocational expert where the ALJ found the claimant's subjective symptoms unsupported).

In sum, this Court finds that substantial evidence supports the ALJ's decision to deny Plaintiff disability benefits. In this case, the ALJ employed the controlling standard regarding Plaintiff's allegations of pain and other subjective conditions; justifiably discredited Plaintiff's testimony in favor of objective medical evidence; and appropriately concluded that Plaintiff could perform work at the light exertional level. As such, Plaintiff's objection is **OVERRULED**.

## CONCLUSION

After reviewing the entirety of the Final Report and Recommendation and considering Plaintiff's objection, the Final Report and Recommendation is **ADOPTED** as the order of this Court. For the reasons stated by the Magistrate Judge, the Commissioner's final decision is **AFFIRMED**. The Clerk is **DIRECTED** to close this case.

**SO ORDERED** this 12th day of March, 2022.

J. P. BOULEE
United States District Judge